# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

MARSHALL HILL,

        Plaintiff,                      **Case No.:**

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

        Defendant.

_____/

## **COMPLAINT**

COMES NOW the Plaintiff, MARSHALL HILL (hereinafter, "Plaintiff"), by and through the undersigned attorney, and files this Complaint stating a cause of action against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter, "Defendant"/"LINA"), and alleges as follows:

1. This is an action for recovery of benefits under an employee welfare benefit plan brought pursuant to 29 U.S.C. Section 1001, Et Seq. ("ERISA"). Plaintiff seeks to recover benefits he claims are due to him under the ERISA governed plan pursuant to 29 U.S.C. §1132(a)(1)(b) ("ERISA"). More specifically, Plaintiff seeks disability benefits under his former employer's group policy issued by Defendant which he claims has been wrongfully denied.

## **PARTIES**

2. Plaintiff, MARSHALL HILL, is and at all times material hereto was, an adult resident citizen of Santa Rosa County, Florida.

3. Defendant is, and at all times material hereto was, a foreign for-profit corporation incorporated under the laws of the State of Pennsylvania and authorized to engage and engaging in business within the State of Florida, including the Northern District of Florida.

4. At all times relevant to this action, Defendant provided insurance disability benefits to Plaintiff, including a waiver of life insurance premium benefit, pursuant to Life Insurance Company of North America Group Number FLX-966893 ("the Plan").

5. At all times relevant to this action, the Plan was in full force and effect and Plaintiff was a Plan participant.

6. Defendant is in possession of all master Plan Documents.

7. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret Plan provisions and is a Plan fiduciary, or alternatively, is a Plan fiduciary without discretion to interpret Plan provisions.

## BASIS FOR JURISDICTION

8. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. Section 1132(e) and 28 U.S.C. Section 1331.

## FACTS APPLICABLE TO ALL COUNTS

9. Plaintiff purchased through his employer, Morneau Shepell Limited, a contract of disability benefits, including a waiver of life insurance premium benefit.

10. On or before October 18, 2018, Plaintiff became totally disabled from his past employment as defined by the Plan, due to Depression, Anxiety, Heart Disease, and other exertional and non-exertional impairments.

11. Plaintiff made application for disability benefits to the Defendant, including the waiver of life insurance premium benefit.

12. Such benefits were approved for the waiver of life insurance premium benefit from December 18, 2018 through June 25, 2020, when such benefits were terminated by letter dated February 18, 2020.

13. Plaintiff timely appealed the termination of LTD benefits by the Defendant, by letter dated June 25, 2020 seeking immediate reinstatement of benefits.

14. By letter dated July 1, 2020, Defendant confirmed the receipt of Plaintiff's appeal.

15. By letter dated December 10, 2020, Defendant denied Plaintiff's appeal and upheld its previous refusal to approve payment of the waiver of life insurance premium benefit.

16. Plaintiff continues to suffer from Depression, Anxiety, Heart Disease, and other exertional and non-exertional impairments which render him disabled from his "Own Occupation" as well as "Any Occupation" as defined by the Plan language.

17. Plaintiff has exhausted all available administrative remedies afforded by the Plan and has otherwise complied with all conditions precedent to this action.

18. Each of Defendant's denials of Plaintiff's claim for waiver of life insurance premium benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the Plan, and derogated Plaintiff's right to disability benefits under the terms of the Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated this 14th Day of December, 2020.

Respectfully submitted,

*/s/ Daniel M. Soloway*
Daniel M. Soloway, Esq.
Florida Bar No.: 508942
d.soloway@solowaylawfirm.com
*/s/ R. Ian MacLaren*
R. Ian MacLaren, Esq.
Florida Bar No.: 47743
i.maclaren@solowaylawfirm.com
Soloway Law Firm
1013 Airport Blvd
Pensacola, FL 32504
(850) 471-3300 (T)
(850) 471-3392 (P)
Counsel for Plaintiff